NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALVIN WILSON, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2017-1587

---

Petition for review of the Merit Systems Protection Board in No. CH-0432-14-0835-C-2.

---

Decided: June 7, 2017

---

ALVIN WILSON, JR., St. Louis, MO, pro se.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before MOORE, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Alvin Wilson, Jr. appeals from a final decision of the Merit Systems Protection Board (the "Board") denying his petition for enforcement of a settlement agreement with the United States Department of Agriculture ("USDA"). Because substantial evidence supports the Board's decision, we *affirm*.

## BACKGROUND

After Mr. Wilson was removed from his position as a Processor with the USDA's Rural Housing Service, he filed a Board appeal challenging his removal. While his appeal was pending, Mr. Wilson and the USDA entered into a settlement agreement that resolved Mr. Wilson's Board appeal and two separate equal employment opportunity claims. The settlement agreement required the USDA to: (1) support Mr. Wilson's disability retirement application with the Office of Personnel Management ("OPM"); (2) permit Mr. Wilson to voluntarily resign, effective the date of his removal; and (3) pay Mr. Wilson $5,000. The administrative judge entered the settlement agreement and dismissed the appeal.

Approximately six months later, Mr. Wilson filed a petition for enforcement of the settlement agreement. He argued the USDA breached the agreement in four ways: (1) it told an unspecified prospective employer he had been removed;[1] (2) it failed to timely provide OPM with a Disability Retirement Application Checklist; (3) it provided forms directly to him, rather than to OPM; and (4) it provided him with copies of documents, rather than originals. The administrative judge denied the petition. Mr. Wilson petitioned the Board for review, and the Board affirmed the administrative judge's decision.

---

[1]    Mr. Wilson did not raise this argument before the Board or in his appeal to our court.

Mr. Wilson appeals to our court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).  We review the Board's construction of a settlement agreement de novo.  *Fomby-Denson v. Dep't of Army*, 247 F.3d 1366, 1372 (Fed. Cir. 2001).  We seek to implement the intent of the parties at the time the agreement was made.  *King v. Dep't of Navy*, 130 F.3d 1031, 1033 (Fed. Cir. 1997).

Mr. Wilson raises three arguments.  First, he argues the USDA failed to timely provide OPM with a Disability Retirement Application Checklist.  The settlement agreement requires the USDA to support Mr. Wilson's disability retirement application with OPM.  The agreement defines support as "providing certification to OPM on OPM Standard Forms 3112B and 3112D . . . and any other documentation requested by OPM" within 21 days of executing the agreement.  J.A. 21.  On September 15, 2015, 202 days after the effective date of the settlement agreement, the USDA received a letter from OPM requesting that the agency provide OPM with a third document—the Disability Retirement Application Checklist— pertaining to Mr. Wilson.  The USDA sent the requested form to OPM 37 days later.

Mr. Wilson contends the USDA was obligated to provide the Disability Retirement Application Checklist within 21 days of execution of the settlement agreement. We disagree.  The settlement agreement only required that the USDA provide two documents within 21 days: Forms 3112B and 3112D.  OPM did not request the Disability Retirement Application Checklist until after

the 21-day period, making it impossible for the USDA to comply within 21 days of execution of the contract. To the extent the settlement agreement required the USDA to provide documentation requested by OPM after the 21-day window, we conclude that transmitting the Disability Retirement Application Checklist to OPM a little over five weeks after the request is reasonable. *See Thomas v. Dep't of Housing & Urban Dev.*, 124 F.3d 1439, 1442 (Fed. Cir. 1997) (noting that only material breaches justify rescinding settlement agreements with an agency). We agree with the Board that the USDA did not breach the settlement agreement by failing to provide documents in a timely fashion.

Second, Mr. Wilson argues the USDA provided forms directly to him, rather than to OPM. The settlement agreement expressly requires the USDA to send forms to Mr. Wilson. *See* J.A. 21 ("The Agency will provide such support directly to the Complainant . . . ."). We agree with the Board that the USDA did not breach the settlement agreement by sending the forms to Mr. Wilson.

Third, Mr. Wilson argues the USDA provided him with copies of documents, rather than originals. The Board noted the USDA submitted evidence that it provided Mr. Wilson with original forms and documents with signatures, as required by OPM, and that Mr. Wilson never presented contrary evidence. This is substantial evidence to support the Board's finding that the USDA provided Mr. Wilson original documents.

CONCLUSION

The Board's decision denying Mr. Wilson's petition for enforcement of the settlement agreement is *affirmed*.

**AFFIRMED**

COSTS

No costs.